**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Kortne Gosha,

        Plaintiff,                     Case No.: 8:25-cv-2187-SDM-CPT

v.

Michael Johnson and COUTH
CONSULTING LLC,

        Defendants.

_____/

## MOTION TO VACATE DISMISSAL

Plaintiff, Kortne Gosha ("Plaintiff"), by and through undersigned counsel and pursuant to Local Rule 3.09(b) and this Court's Order dismissing this action subject to the right of a party within sixty days to move to vacate the dismissal for good cause, entered on February 11, 2026 at Doc. # 18, respectfully moves this Court to vacate the dismissal for good cause as established herein. Plaintiff timely moved for leave to file this Motion under seal on April 12, 2026, at Doc. # 21, which this Court denied on April 22, 2026 at Doc. # 22. Plaintiff now refiles this Motion, and in support thereof, states the following:

1

## BACKGROUND

1. On May 9, 2025, Plaintiff filed an action against Defendants, Michael Johnson ("Defendant" or "Johnson") and Couth Consulting LLC ("Couth" or the "Company") (collectively, "Defendants"), in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida. *See* Doc. # 1-1.

2. On August 18, 2025, Defendants filed a notice of removal to this Court on the basis of diversity jurisdiction. Doc. # 1.

3. On October 20, 2025, the Court entered an Order referring the parties to mediation before mediator Richard Fee. Doc. # 12. The Court ordered that the parties must mediate by January 21, 2026. *Id.*

4. The parties thereafter attended a mediation on January 15, 2026. *See* Doc. # 17. At mediation, the parties reached a settlement in principle. In the weeks following the mediation, the parties negotiated, reduced to writing, and executed a Release, Confidentiality, Non-Disparagement and Indemnification Agreement (the "Settlement"). Exhibit 1. Upon execution of the Settlement, the mediator filed the mediation report on February 6, 2026 reflecting that the parties had settled the case. Doc. # 17.

5. The Court thereafter entered a 60-day notice dismissing the case subject to the right of any party to move to vacate dismissal for good cause. Doc. # 18.

6.     The Settlement contained a number of obligations of each party upon execution, including a provision pursuant to which Defendants were obligated to return a certain laptop to Plaintiff within five business days of execution, and provide tracking information for the shipment of the laptop within twenty-four hours of shipment (the "Laptop Provision"). Ex. 1 at § 3.3. Defendants' obligations to return the laptop would only be "deemed fully satisfied upon submitting to Plaintiff's counsel proof that Defendants surrendered the Laptop to an insured commercial carrier for shipment within the time required by [Section 3.3]." *Id.*

7.     Pursuant to the Settlement, the parties expressly acknowledged and agreed that the obligations set forth in Section 3 of the Settlement, including those set forth in the Laptop Provision, were "material inducements to the Parties' agreement to enter into [the Settlement]." *Id.* at § 3.6. Pursuant to Section 3.6, failure to strictly comply with any of the Section 3 obligations would constitute material breach and default of the Settlement, and no notice, demand, or opportunity to cure is required prior to enforcement of Section 3. *Id.*

8.     Plaintiff complied with all material terms of the Settlement, including strictly complying with his obligations under Section 3 by paying off the loan of the relevant vehicle and retitling it from joint title with himself and the corporate defendant to title in his sole name.

3

9.     Shortly after the parties executed the Settlement, and after Plaintiff's counsel requested the tracking information for the laptop, Defendants' counsel claimed to have had an issue with return of the laptop, specifically claiming Johnson had multiple laptops of the type that were due to be returned to Plaintiff. Exhibit 2 at 2–3. Over a week after first alleging this, and well after the time to comply with the Laptop Provision had expired, Defendants' counsel claimed Johnson did not have possession of the Laptop. *Id.* at 7.

10.     Plaintiff's counsel therefore, on March 4, requested an affidavit addressing whether Johnson:

a.  Ever possessed the laptop;

b.  When he last had possession of it;

c.  How and when it left his possession;

d.  That it was not in his possession at any point during the litigation and is not now in his possession;

e.  That he did not dispose of or conceal the laptop, or transfer, give away, or sell to any third party;

f.  Whether he ever accessed, copied, backed up, or disseminated any data from the laptop;

g.  That he does not have access to the device or its contents now; and

h.  Whether, to his knowledge, any third party has had possession of or access to the device or its contents.

4

11.    Despite Plaintiff's requests, including opportunity to review a draft of the affidavit within twenty-four hours and return of an executed affidavit within two days, Johnson did not provide any response or documentation of any kind until March 30, 2026.

12.    At that time, Johnson provided a declaration stating that as part of the Settlement, he "agreed to send to Plaintiff's counsel a MacBook laptop computer that Mr. Gosha alleged belongs to him." Exhibit 3 at ¶2. He stated that he "believed the laptop to be located among my personal property in storage." *Id.* at ¶3.

13.    Johnson then claimed to have searched for the laptop *after* the Settlement was signed, but that he could not locate it and does not have possession of it. *Id.* at ¶¶4–5.

14.    Should Johnson truly no longer have possession of the laptop, then the Settlement must be set aside as the return of the laptop was a material inducement for Plaintiff entering into the Settlement in the first place, as acknowledged by the parties. Ex. 1 at § 3.6. In the alternative, should Johnson still have possession of the laptop, then the Settlement should be enforced.

15.    Good cause exists for this Court to reopen the case: either to set aside the Settlement and vacate dismissal because, at best, Plaintiff is entitled to relief for unilateral mistake or, at worst, Johnson fraudulently induced the Plaintiff to agree to the Settlement with return of the laptop as a material

5

inducement when he knew or should have known he did not have possession of the laptop.

16.    In the event Johnson locates the laptop, this Court has the inherent power to, and should, enforce the Settlement and order the laptop's return. *Ford v. Citizens & Southern Nat'l Bank*, 928 F.2d 1118, 1121 (11th Cir. 1991) ("[A] district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case.").

## LEGAL STANDARD

Pursuant to the Court's Order of dismissal of the case subject to the right of the parties to move to vacate upon a showing of good cause within sixty days, the "Good Cause" standard applies in determining whether to vacate the dismissal. *Menaged v. City of Jacksonville*, 2013 U.S. Dist. LEXIS 16630, at *2 (M.D. Fla. Jan. 14, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 16889 (M.D. Fla. Feb. 7, 2013). "[T]he determinative issue under the good cause standard is whether the negotiated settlement agreement should be set aside." *GS Holistic, LLC v. Coco Beauty Salon & Smoke Shop Inc.*, 2023 U.S. Dist. LEXIS 135536, at *2 (M.D. Fla. June 20, 2023) (quoting *Gemini Ins. Co. v. Lutfi Inv. Co. Inc.*, 2019 U.S. Dist. LEXIS 240206, at *1 (M.D. Fla. Oct. 15, 2019)) (other citations omitted).

In interpreting settlement agreements, state contract law applies. *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (per curiam);

6

*see also Shepard v. Fla. Power Corp.*, 2011 U.S. Dist. LEXIS 44242, at \*2 (M.D. Fla. Apr. 18, 2011) ("A settlement agreement is a contract and, as such, its construction and enforcement are generally governed by state law."). While Florida courts favor enforcing settlements where possible, "a court may set aside a settlement agreement obtained by fraud, duress, or incapacity of a party." *Menaged*, 2013 U.S. Dist. LEXIS 16630, at \*6; *see also Shepard*, 2011 U.S. Dist. LEXIS 44242, at \*2-3. A settlement agreement under Florida law is furthermore invalid where there is "(1) failure of the agreement to satisfy required elements for a contract, (2) illegality, (3) fraud, (4) duress, (5) undue influence or, (6) mistake." *Lotspeich Co. v. Neogard Corp.*, 416 So. 2d 1163, 1165 (Fla. Dist. Ct. App. 3d Dist. 1982).

## ARGUMENT

### I.   Good Cause Exists to Vacate Dismissal because the Settlement must be Set Aside.

Because the Settlement should be set aside as invalid under governing Florida law, good cause exists for this Court to vacate the dismissal. That the Settlement should be set aside squarely satisfies the good cause standard to vacating dismissal. *GS Holistic, LLC v. Coco Beauty Salon & Smoke Shop Inc.*, 2023 U.S. Dist. LEXIS 135536, at \*2.

Whether Johnson knew prior to or discovered after entering into the Settlement that he did not have possession of the laptop that he was obligated to

return pursuant to the Settlement, the fact that he did not have possession of the laptop when signing the Settlement pursuant to which he was obligated to return it, renders the Settlement invalid or voidable. As set forth explicitly in the terms of the Settlement, return of the laptop was a "material inducement to the Parties' agreement to enter into" the Settlement. Ex. 1 at § 3.6. Johnson not having possession of the laptop at the time of Settlement and yet agreeing to return it is justification to invalidate the settlement under Florida law.

"A settlement agreement should not be invalidated unless there is '(1) failure of the agreement to satisfy required elements for a contract, (2) illegality, (3) fraud, (4) duress, (5) undue influence or, (6) mistake.'" *Berman v. Kafka*, 518 Fed. Appx. 783, 785 (11th Cir. 2013) (quoting *Lotspeich Co.*, 416 So. 2d at 1165).

### A. Unilateral Mistake

Taking Johnson's statements in his declaration as true, the facts establish the Plaintiff is entitled to relief for unilateral mistake. "A settlement agreement can be rescinded for unilateral mistake if, among other things, 'the mistake did not result from an inexcusable lack of due care.'" *Id.* (quoting *Stamato v. Stamato*, 818 So. 2d 662, 664 (Fla. Dist. Ct. App. 4th Dist. 2002)).

"Relief can be granted for such a mistake if (1) the mistake did not result from an inexcusable lack of due care, and (2) defendant's position did not so change in reliance that it would be unconscionable to set aside the agreement." *Stamato*, 818 So. 2d at 664 (citing *Maryland Cas. Co. v. Krasnek*, 174 So. 2d 541 (Fla.

1965)). "Clearly, a unilateral mistake in the making of an agreement, of which the other party is entirely ignorant and to which he in no way contributes, will not affect the agreement or afford ground for its avoidance or rescission, unless it is such a mistake as goes to the substance of the agreement itself." *Krasnek*, 174 So. 2d at 544 (internal citation and quotation omitted).

To his knowledge, Plaintiff genuinely and reasonably believed that Johnson had possession of his laptop for several years prior to entering into the Settlement. This reasonable belief was based on years' worth of communications from Johnson and others that the laptop was in Johnson's possession. Grounds upon which the lawsuit was based included that Johnson had taken Plaintiff's possessions, including the laptop, after a falling out between the two of them. This belief was not a mistake of lack of due care, it was based upon multiple communications and no indication from Johnson whatsoever, prior his execution of the declaration, that Johnson did *not* have Plaintiff's laptop.

In the *Krasnek* case, "an insurer settled an accident claim, but prior to the check being cashed, stopped payment because it discovered the policy had lapsed." *Stamato*, 818 So. 2d at 664 (summarizing *Krasnek*, 174 So. 2d 541). The insurer therefore sought rescission, and the "Florida Supreme Court held that this was the type of unilateral mistake for which relief could be granted." *Id.*

These facts similarly establish the type of unilateral mistake for which relief should be granted. Plaintiff, acting in reliance on all evidence that Johnson

9

had the laptop, including Johnson's own agreement to return it, entered into the Settlement. After executing the Settlement, Plaintiff complied with all his material obligations under the Settlement, including his obligations under Section 3. The mistaken belief that Johnson possessed the laptop went to the substance of the Settlement itself, as is clearly and expressly established by the fact that return of the laptop was a material inducement for Plaintiff agreeing to settle. Under these circumstances, rescission of the Settlement is warranted. Good cause exists, therefore, for this Court to reopen the case and set aside the Settlement for mistake.

### B. *Fraudulent Inducement*

To call these circumstances a unilateral mistake gives Johnson the benefit of the doubt. If, however, the Court takes into account the fact that the parties negotiated the Settlement terms for two weeks following the mediation, during which Johnson could have and should have investigated whether he had possession of the laptop before agreeing to return it, the Court may consider whether the Settlement can also or should be set aside for fraud in the inducement.

"In order to prevail on a claim for fraud in the inducement, a party must show: (1) the misrepresentation of a material fact; (2) knowledge that the representation is false; (3) intent to induce reliance; and (4) an injury from justifiable reliance." *Berman v. Kafka*, 518 Fed. Appx. at 785 (citing *Palumbo v.*

*Moore*, 777 So. 2d 1177, 1179 (Fla. Dist. Ct. App. 5th Dist. 2001)). "Fraud in the inducement of a contract renders that contract voidable." *Id.* (citing *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 313 (Fla. 2000)).

As is evidenced by Johnson's declaration, that he was in possession of the laptop that he agreed to return is a material fact. This is something the parties expressly agreed and acknowledged under the Settlement. Ex. 1 at § 3.6. Johnson agreed to return the laptop when he knew or should have known that he did not possess the laptop. *See Houri v. Boaziz*, 196 So. 3d 383, 392 (Fla. Dist. Ct. App. 3d Dist. 2016) (establishing fraud in the inducement includes establishing the inducing party knew or should have known the statement was false when made). The parties further expressly agreed and acknowledged in Section 3.6 of the Settlement that return of the laptop was a material inducement to Plaintiff agreeing to the Settlement. This establishes that Defendant intended Plaintiff to act in reliance on his statement and agreement to return the laptop.

Whether Defendant's agreement to return a laptop that he knew or should have known was not in his possession not only establishes that he materially misrepresented an existing fact, but also that he, in the position of having superior knowledge as to possession of the laptop, made a promise to return it with no intent to do so. This further establishes the element of intent to defraud. *See Gemini Investors III, L.P. v. Nunez*, 78 So. 3d 94, 97 (Fla. Dist. Ct. App. 3d Dist. 2012) (stating that generally fraudulent statement concerns past or existing fact

11

but "if the person making the representation has superior knowledge of the subject matter, or makes a future promise to perform with no intent of doing so, the requirement of a past or present fact does not apply." (citing *Mejia v. Jurich*, 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001))).

Finally, it is further established on the plain terms of the Settlement that Plaintiff would be and has been injured by Johnson's false agreement to return the laptop. Failure to strictly comply with the obligation to return the laptop is a material breach of the Settlement, as set forth in Section 3.6. Ex. 1 at § 3.6. Plaintiff has been injured in justifiably relying on Johnson's promise to return the laptop, including by performing all his obligations under the Settlement. By way of example, Plaintiff agreeing to release Johnson from all existing claims meant Plaintiff could not seek renewal of a restraining order he had against Johnson.

It can be clearly established under these facts that the Settlement is voidable for fraud in the inducement. This establishes independent grounds to set aside the Settlement, supporting good cause for this Court to vacate dismissal.

II.  **In the event Johnson admits to possession of or locates the laptop, and in the alternative, the Court should reopen the case to enforce the Settlement.**

Johnson's declaration states that, should he locate the laptop in the future, he will return it. Ex. 3. In the event that Johnson locates the laptop while this

12

Motion is pending, the Court in that circumstance exercise its inherent power to enforce settlement agreements to require Johnson to return the laptop.

"[A] district court has inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case." *Ford*, 928 F.2d at 1121. "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Id.* at 1122 (quoting *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 709 (9th Cir. 1989)). District courts "may only enforce completed settlement agreements." *Gemini Ins. Co.*, 2019 U.S. Dist. LEXIS 240206, at *1 (quoting *Wilson v. Wilson*, 46 F.3d 660, 664 (8th Cir. 1995)).

There is no question the Settlement was completed. In the event Johnson locates the laptop, the Settlement need not be set aside for the reasons argued above. Rather, the Settlement would remain valid and enforceable, and the Court would have the power to summarily enforce the Settlement by ordering Johnson to return the laptop under the Settlement terms. In that scenario, the Court should award Plaintiff all damages, together with attorneys' fees and costs, to which he is entitled under the Settlement incurred in enforcing the Settlement.

WHEREFORE, Plaintiff, Kortne Gosha, respectfully requests this Court reopen the case, set aside the parties' Settlement as void and invalid and for good cause vacate the dismissal, or, in the alternative, enforce the Settlement, award Plaintiffs' damages, attorneys' fees and costs as applicable, and grant such other and further relief as this Court deems just and proper.

13

## LOCAL RULE 3.01(g) CERTIFICATION

Plaintiff has conferred in good faith with counsel for Defendant by email and phone on April 8, 2026, regarding the relief requested herein and resolution of this motion. The parties were not able to resolve any part of the motion.

Dated: April 23, 2026.

Respectfully submitted,

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592
**SOUTHRON FIRM, P.A.**
400 N. Ashley Drive, Suite 1720
Tampa, Florida 33602
Tel. (813) 773-5105
Fax (813) 683-4338
julia.weber@southronfirm.com
eservice@southronfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed on April 23, 2026, with the Court via CM/ECF system, which will send notification of such filing to all parties and counsel of record.

/s/ Julia Hannah Weber
Julia Hannah Weber
Florida Bar No. 1045592

14