UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KORTNE GOSHA                                    CIVIL ACTION NO.

VERSUS                                          8:25-CV-2187-SDM-CPT

MICHAEL JOHNSON, and
COUTH CONSULTING, LLC

_____

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE DISMISSAL

**NOW INTO COURT**, through undersigned counsel, comes Michael J.

Johnson, Ed.D. to file this Opposition to the Defendant's Motion to Vacate

Dismissal (Doc. 23).  In support, Dr. Johnson states as follows:

**SUMMARY OF ARGUMENT**

Gosha's motion is not merely a "motion to vacate dismissal" as it is titled.

Instead, it asks the Court for far-reaching relief, admitting that to "vacate

dismissal" in this case requires the Court to invalidate the parties' executed

settlement agreement.  Alternatively, Gosha asks the Court to enforce the

settlement agreement, purportedly by ordering Dr. Johnson to produce a specific,

outdated MacBook that Johnson does not possess.

The law in this Circuit is well-established that neither form of relief –

invalidation or enforcement of the settlement agreement – is available here.  *See*

*Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272 (11th Cir. 2012) (relying on *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375 (1994)); *see also Banks v. Touchpoint Med., Inc.*, No. 21-356, 2022 WL 22866052, at *1 (M.D. Fla. May 10, 2022) (Merryday, J.). On this basis alone, the motion should be denied.

Second, even if the Court finds that it has jurisdiction and is inclined to rule on the validity of the settlement agreement, Gosha has failed to provide *any* proof, much less carry his burden of proof, that Dr. Johnson defrauded him.  In fact, Dr. Johnson has not breached the settlement agreement because Johnson offered a substitute performance as suggested by Gosha's counsel (a signed statement under oath).  The motion should be denied.

## RELEVANT FACTS

This lawsuit was filed and continues to be litigated (despite settling) a by Plaintiff Kortne Gosha against Dr. Michael Johnson, Gosha's former partner. Gosha filed this lawsuit in state court in St. Petersburg, Florida, where neither he nor Dr. Johnson have ever resided or done business.  Gosha's suit sought dissolution of Dr. Johnson's business (Couth Consulting, LLC) and damages totaling approximately $250,000.  Doc. 1.  Gosha's main aim in filing this lawsuit was to obtain clear title to a Mercedes-Benz vehicle that was purchased by Couth in Louisiana for Mr. Gosha's use when Gosha worked with the business.  Doc. 3 at ¶¶ 3-6.

The parties settled this matter at a Court-ordered mediation on January 15, 2026.  Doc. 17. The deal provided for transfer of the Mercedes to Gosha's sole ownership, mutual releases, indemnification, confidentiality, and non-disparagement.  Doc. 23-1. Dr. Johnson further agreed to return an old MacBook laptop that Gosha alleges Dr. Johnson took with him when Johnson moved out of the home they shared in Louisiana in 2024.  Dr. Johnson does not believe that he took any laptop but was and remains willing to return anything that does not belong to him.

After weeks of delay, Plaintiff Kortne Gosha finally executed the parties' mediated agreement on February 5, 2026.  Doc. 23-2.  The Court dismissed this case shortly afterward. The Court's order stated:

> Under Local Rule 3.09(b), this action is DISMISSED subject to the right of any party within sixty days (1) to submit a stipulated form of final order or (2) to move to vacate the dismissal for good cause.

Doc. 18.

After the agreement was signed, Dr. Johnson set out to locate the laptop, which he believed was in his storage with his own belongings that he took with him when he left the Louisiana home that Johnson and Gosha shared.  Doc. 23-3. He did not recall intentionally taking anything belonging to Mr. Gosha, but Gosha insisted that Gosha could not locate the laptop after Johnson moved out, so

Johnson assumed the laptop was mistakenly hauled off with Johnson's belongings in the move-out.

Despite hours of searching, Johnson could not locate any laptop belonging to Gosha in his storage.  Doc. 23-3.  Johnson now believes it was either never in his possession or that it may have already been returned to Mr. Gosha with other items that he shipped to Mr. Gosha's mother. Doc. 23-3 at ¶ 5.

Dr. Johnson's counsel promptly informed Gosha's counsel of the issue locating the laptop, and suggested that Dr. Johnson sign a sworn statement attesting that he does not have the laptop and did not dispose of it.  Doc. 23-2. Gosha's counsel accepted and asked that the statement cover a list of topics.  Doc. 23-2 at p. 8.  Dr. Johnson executed a sworn statement covering the suggested topics and it was provided to Gosha's counsel. Doc. 23-3.

On the last day of the sixty-day period within which a party could move to vacate dismissal, April 12, 2026, Gosha filed a motion seeking leave of court to file his motion to vacate dismissal under seal. Doc. 21.  Gosha failed to identify a "sufficiently compelling reason" why the motion and exhibits should be filed under seal, so his motion for leave under seal was denied.  Doc. 22.  Gosha then filed the instant motion to vacate order of dismissal on April 23, 2026, more than a week after the sixty-day period set forth in the Court's dismissal order expired. Doc. 23.

Gosha's untimely motion argues that the Court must invalidate the settlement agreement, and that the parties and the Court should be forced to restart litigation in this matter. It claims this is necessary merely because Dr. Johnson has been unable to specifically comply with a single term of the settlement agreement, one requiring return of an outdated, obsolete laptop that Johnson does not have.

## LAW & ARGUMENT

I.  <u>Gosha's Motion Improperly Seeks to Invalidate and/or Enforce the Settlement Agreement.</u>

After the parties have agreed to "settle a civil action," Local Rule 3.09 permits courts in this district to dismiss an action "subject to the right of a party to move within a stated time to re-open the action for entry of a stipulated final order or a judgment of for further proceedings." In this matter, the Court dismissed this action on February 11, 2026, "subject to the right of any party within sixty days (1) to submit a stipulated form of final order or (2) to move to vacate the dismissal for good cause." Doc. 18. Vacating dismissal for good cause may be proper where, e.g., the parties "fail[ ] to consummate a settlement agreement" *Cohan v. EHP Orlando Hotel LLC*, No. 24-517, 2025 WL 3772040, at *1 (M.D. Fla. July 11, 2025).

Gosha's motion conflates the Court's stipulation that a party may "move to vacate dismissal for good cause" with a purported right to petition this Court to

5

invalidate or enforce the settlement agreement or both.  The Court cannot either invalidate the settlement agreement nor enforce it because it lacks jurisdiction to do so at this point.

Where a settlement agreement is made pursuant to Florida law,[1] the party seeking to enforce "must sue in Florida court under Florida contract law" to "redress the purported violations of the settlement agreement." *Banks v. Touchpoint Med., Inc.*, No. 21-356, 2022 WL 22866052, at *1 (M.D. Fla. May 10, 2022) (Merryday, J.)  Pursuant to the Supreme Court's decision in *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 382 (1994), post-dismissal "enforcement" of a settlement agreement "is for state courts." *See also Ballester v. Tours*, No. 25-4, 2025 WL 3177205, at *1 (M.D. Fla. Oct. 14, 2025). Both the Eleventh Circuit and the U.S. Supreme Court have found that after dismissal "the enforcement of a settlement agreement falls outside of the scope of ancillary jurisdiction of the federal courts, even when the court had jurisdiction to hear the underlying case." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012) (citing *Kokkonen*, 511 U.S. at 379-80 (1994)).

The only exception to this rule is where all parties "consent to the retention of jurisdiction over the enforcement of a settlement agreement," and the district court issues an order "specifically retaining jurisdiction in accordance

---

[1]     The settlement agreement stipulates that Florida law applies. Doc. 23-1 at ¶ 6.1.

with *Kokkonen*." *Anago Franchising, Inc.*, 677 F.3d at 1280-81.  Courts in this district do not "routinely retain jurisdiction to enforce the terms of a private settlement agreement." *Landstar Ranger, Inc. v. JC Tanda Transp., Inc.*, No. 24-857, 2026 WL 925626, at *1 (M.D. Fla. Apr. 6, 2026).  If "the parties wish to provide for court action on a dismissal-producing settlement agreement, they can do so…" by "request[ing] either the incorporation of the settlement into the dismissal or a reservation of jurisdiction to address it." *Ballester*, 2025 WL 3177205, at *2.  But absent those express requests and the Court's order approving them, the Court lacks jurisdiction. *Id.*

When a settlement agreement is not incorporated into the dismissal order "it is merely a private contract arising out of a case in federal court and has nothing to do with the underlying case." *Anago Franchising, Inc.*, 677 F.3d at 1281 (citing *Kokkonen*, 511 U.S. at 380).  Especially where the "the adjudicative facts underlying the propriety of the settlement" are "distinct from those underlying the dismissed [ ] claim." *Ballester*, 2025 WL 3177205, at *2.

Here, the Court's order did not incorporate the terms of the settlement agreement, nor did it retain jurisdiction to rule upon the validity or enforceability of its terms.  Neither party requested that the Court take such measures. The Court's order simply provided that a party could move to vacate the dismissal for good cause within sixty days, which Gosha failed to do. And as in *Ballester*, "the

adjudicative facts" underlying the "propriety of the settlement" (i.e., whether Gosha was fraudulently induced or mistaken) are very different from those underlying Gosha's now-dismissed suit (an LLC dissolution claim).

The Court faced a similar situation in *Banks v. Touchpoint Med., Inc.*, No. 21-356, 2022 WL 22866052 (M.D. Fla. May 10, 2022) (Merryday, J.), and its result is instructive. In *Banks* as here, the parties settled at mediation and the Court entered a dismissal order identical to the one issued here. *Id.* at *1. The plaintiff in *Banks* moved to re-open the matter alleging that the settlement agreement was the product of "fraud and procedural manipulation" during mediation, and that the defendant failed to comply with the settlement agreement. *Id.* at *1.

The Court in *Banks* found that the plaintiff's complaints about the defendant's compliance with the settlement agreement merely sought "to enforce the settlement agreement" and were thus barred under *Kokkonen*. 2022 WL 22866052 at * 1. And the plaintiff's allegations of fraud constituted "no basis to vacate the voluntarily executed settlement…" *Id.* at *2. The Court should similarly dispose of Gosha's attempt to litigate the enforceability and validity of the settlement agreement here as the Court lacks jurisdiction.

8

II.    Gosha's Motion Fails to Prove Any Grounds to Invalidate the Settlement.

a. *Dr. Johnson Has Complied with the Settlement Agreement.*

Even if the Court has jurisdiction and is inclined to rule on the validity of the settlement agreement, it should not invalidate it. Gosha's motion not only fails to prove that the settlement agreement is void, it even fails to show that Dr. Johnson has breached it.

Impossibility and impossibility of performance are "well-recognized defenses to non-performance of a contract" under Florida law. *Verbal v. TIVA Healthcare, Inc.*, 628 F. Supp. 3d 1222, 1231 (S.D. Fla. 2022). The impossibility defense may be employed "when the real world has in some way failed to correspond with the imaginary world hypothesized by the parties to the contract." *Id.* at 1232. The impossibility of performance defense "refers to the nature of the thing to be done—not the ability of the party to perform what he has agreed to do," and will not "excuse performance that is not impossible but merely inconvenient, profitless, and expensive." *Id.* Partial impracticability occurs when "only part of any obligor's performance is impracticable," it is "still practicable for him to render performance that is substantial, taking account of any reasonable substitute performance that he is under a duty to render…" *See* Restatement (Second) of Contracts § 270; s*ee also Barnacle Bill's Seafood Galley, Inc. v. Ford*, 453 So.

9

2d 165, 167 (Fla. 1st DCA 1984) (finding that a trial court can properly reform an agreement to reflect partial impracticability).

As set forth in the settlement agreement, Gosha's interest in the laptop is not for its value (it is outdated and worth only a few hundred dollars). Instead, Gosha believes that the laptop contains private materials and wants to protect his privacy. *See* Doc. 23-1 at ¶ 3.3 (Johnson and Couth agree that "they have not ever and will not in the future disseminate any information contained on the Laptop.")  Given this concern, Dr. Johnson offered a reasonable substitute performance after recognizing that returning the laptop is impossible: a statement under oath affirming that Johnson does not have access to the laptop or any of its contents, and that he has not transferred or disposed of it, and that he will promptly return if it is ever located. Doc. 23-2 at p. 7.  Gosha's counsel accepted this concept and requested that certain assurances be contained in Dr. Johnson's statement, which were included and the statement was executed by Johnson. *Compare* Doc. 23-2 at p. 8 and Doc. 23-3.

Accordingly, Dr. Johnson should be excused from performance of the laptop return term because performance is impossible, Johnson performed all the agreement's other terms, and Johnson rendered a reasonable substitute performance to satisfy Gosha's privacy interests in the laptop.  For this reason alone, the motion should be denied.

b. *Gosha Fails to Show Fraudulent Inducement*

Gosha fails to show the agreement is invalid in much the same way that he fails to show that Johnson has breached it. First, Gosha has failed to prove that Dr. Johnson fraudulently induced him to enter into the settlement agreement. To prevail on a claim for "fraud in the inducement, a party must show: (1) the misrepresentation of a material fact; (2) knowledge that the representation is false; (3) intent to induce reliance; and (4) an injury from justifiable reliance." *Berman v. Kafka*, 518 F. App'x 783, 785 (11th Cir. 2013).

Gosha's motion fails to satisfy any of these prongs. Gosha's motion cannot and does not provide any evidence that Dr. Johnson ever stated to Gosha that he had the laptop in his possession. Instead, it was Gosha who repeatedly insisted that Dr. Johnson had the laptop. Based on this insistence, Johnson assumed that the laptop must have mistakenly ended up in Johnson's storage, and he agreed to locate it and return it. Doc. 23-3 at ¶¶ 2-3. So, even if Johnson's agreement to ship the laptop to Gosha implies that he has possession of it, he did not know that the implication was false.

Perhaps most significant, Gosha has not made (nor can he make) any showing that he has sustained any injury from his purported reliance. Gosha's motion does not indicate that he has suffered any loss because the laptop has not been located, and in any case, Johnson remains obligated to return the laptop if he

finds it.  In short, Gosha has no claim to invalidate the settlement agreement for fraudulent inducement.

   *c.  Gosha Fails to Show Unilateral Mistake*

Gosha next claims that the settlement agreement must be invalidated because he made a "unilateral mistake" in believing that Dr. Johnson possessed the laptop. Florida law allows for recission of contract here the plaintiff can prove "(1) the mistake goes to the substance of the agreement, (2) the error does not result from an inexcusable lack of due care, and (3) the other party has not relied upon the mistake to his detriment." *Ramirez v. E.I. Dupont De Nemours & Co.*, No. 09-321, 2010 WL 358730, at *3 (M.D. Fla. Jan. 22, 2010).

Again, Gosha's argument fails to satisfy any prongs of this analysis. Gosha's "mistake" (or his false insistence that Dr. Johnson had his property) did not go to the substance of the settlement agreement, which was aimed to resolve this business dissolution proceeding between the parties and determine ownership of the business' vehicle.  Moreover, Dr. Johnson and his business, Couth Consulting, relied upon Gosha's insistence that the laptop was among Johnson's stored belongings.  Johnson and Couth waived their claim to the vehicle in the settlement agreement and the vehicle has now been transferred to Gosha's sole possession.  If the agreement is rescinded, Johnson and Couth will have transferred the vehicle

without consideration. Recission for unilateral mistake is simply unsupported here and the motion should be denied.

**WHEREFORE**, Dr. Johnson respectfully requests that this Court deny the Plaintiff's motion to vacate dismissal.

Respectfully submitted:

*/s/ Jacob K. Weixler*_____
Jacob K. Weixler
Florida Bar No. 86273
WEIXLER LAW LLC
3640 Magazine St.
New Orleans, LA 70115
Tel:   (504) 408-2180
Fax:   (504) 814-1728
jkw@weixlerlaw.com

*Counsel for Dr. Michael Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all counsel

of record on June 14, 2026 via email at the addresses below and via the Court's

CM/ECF system:

      Counsel for Plaintiffs:
      Joseph F. Southron & Julia Hannah Weber
      joe@southronfirm.com
      julia.weber@southronfirm.com
      eservice@southronfirm.com

                */s/ Jacob K. Weixler*
                JACOB K. WEIXLER